No. 70          January 31, 2024          539

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. K. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. L.,
aka R. L. L.,
*Appellant.*

Jackson County Circuit Court
21JU04118; A181752 (Control)

In the Matter of V. M. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. L.,
aka R. L. L.,
*Appellant.*

Jackson County Circuit Court
21JU04119; A181753

Timothy C. Gerking, Judge.

Submitted December 19, 2023.

Kristen G. Williams filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Father appeals judgments terminating his parental rights to his two children, V and L. On appeal, father assigns error to the juvenile court's determination that terminating father's parental rights is in the children's best interests. We review *de novo*, ORS 419A.200(6), and affirm.

A parent's rights can be terminated only if the court finds that termination is in the child's best interests. ORS 419B.500(1) ("The parental rights of the parents of a ward may be terminated * * * only upon a petition filed * * * for the purpose of freeing the ward for adoption if the court finds it is in the best interests of the ward[.]"). We do not presume that adoption is the best outcome for every child who lacks fit parents; rather, the court must consider the needs and circumstances of the child. *Dept. of Human Services v. T. M. D.*, 365 Or 143, 161-63, 166, 442 P3d 1100 (2019). Termination is appropriate only if the court determines that "the benefits to the child of ending the child's legal relationship with a parent outweigh the risk of harm posed to the child by severing that legal relationship." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022).

Father argues that termination is not in the children's best interests because the children are bonded to him and adoption is not necessary to achieve permanency. Having reviewed the record, we agree with the juvenile court that termination of father's parental rights is in V's and L's best interests.[1] We are particularly persuaded by the evidence that the children—both of whom have high needs—need permanency after being in temporary care for four years and the significant risk of interference with the guardian if guardianship were to be the permanent plan.

Affirmed.

---

[1] We also have affirmed the judgments terminating mother's parental rights. *See Dept. of Human Services v. K. N. W.*, 330 Or App 536 (2024) (nonprecedential memorandum opinion). The parents' cases were tried together and, thus, both parents' appeals are based on the same record. That said, each parent has raised different arguments on appeal and we have considered the evidence individually as to each parent.